United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK N.A., as Trustee, for Carrington Mortgage Loan Trust Including any Assignees and/or Successor in Interest,<br><br>      Plaintiff,<br><br>  v.<br><br>MARIO MARGO,<br><br>      Defendant.<br>                                          / | No. C 11-00100 WHA<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

## INTRODUCTION

This motion stems from a complaint for unlawful detainer following a foreclosure. Plaintiff originally filed suit in Alameda County Superior Court. Defendant removed this action to federal court and plaintiff seeks a remand back to state court. Because the Court lacks subject-matter jurisdiction over this matter, plaintiff's motion to remand is **GRANTED**. Accordingly, the March 17 hearing scheduled for this motion is **VACATED**.

## STATEMENT

Plaintiff Wells Fargo Bank brought this action in Alameda County Superior Court against defendant Mario Margo on April 12, 2010. Trial was scheduled for January 13, 2011. Defendant removed this action to federal court on January 7, pursuant to 28 U.S.C. 1332. Following removal, plaintiff promptly noticed a motion to remand to state court, asserting that defendant

1  failed to sufficiently show that the requirements for subject-matter jurisdiction for federal court
2  were met.

3        Plaintiff filed an unlawful detainer complaint, under California Code of Civil Procedure
4  Section 1161a, against defendant to obtain possession of a residence commonly known as 22662
5  Zaballos Ct., Hayward, CA 94541. Plaintiff came into possession of this property through a non-
6  judicial foreclosure. The complaint alleged that defendant owes plaintiff: (1) possession and
7  restitution of the property; (2) damages at the rate of $25 per day from February 18, 2008, for
8  each day that defendant continued in possession of the property; and (3) costs of suit and further
9  relief as is proper. Plaintiff also noted that the amount demanded from defendant does not exceed
10 $10,000.

11       Defendant removed this action to federal court based on diversity subject-matter
12 jurisdiction. Plaintiff argues that defendant has not carried the burden to show that subject-matter
13 jurisdiction is proper in federal court and seeks remand to state court.

14 **ANALYSIS**

15       A defendant may remove a civil action from state court to federal court if original
16 jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a).
17 The strong presumption against removal jurisdiction means that the defendant bears the burden of
18 establishing proper removal. Here, defendant has the burden of showing that diversity
19 jurisdiction exists under 28 U.S.C. 1332 — namely, that plaintiff has different state citizenship
20 from defendant and the matter in controversy exceeds the sum or value of $75,000. "Federal
21 jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance,"
22 such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles Inc.*,
23 980 F.2d 564, 566 (9th Cir. 1992).

24       If a defendant cannot establish diversity jurisdiction, subject-matter jurisdiction can still
25 be established under 28 U.S.C. 1331. This section provides that claims arising under federal law
26 give a federal court subject-matter jurisdiction. The relevant inquiry for making this
27 jurisdictional determination is to examine the specific claims made by plaintiff and decide if they
28 are under federal or state law. Indeed, jurisdiction under 28 U.S.C. 1331, "must be determined

2

from what necessarily appears in the plaintiff's statement of his own claim." *Taylor v. Anderson*, 234 U.S. 74, 75 (1914). More specifically, subject-matter jurisdiction cannot be created by a defense or counterclaim. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

Plaintiff moves to remand on the following grounds: (1) the notice of removal was untimely, (2) defendant has not provided sufficient evidence to establish diversity jurisdiction; and (3) defendant has not established that plaintiff's original claim could be filed in federal court. This order agrees.

Defendant did not file an opposition to the instant motion in accordance with Civil Local Rule 7-3. Regardless, remand is clearly appropriate. The amount in controversy claimed by plaintiff is, at most, $10,000, which is far below the amount-in-controversy threshold for diversity jurisdiction under 28 U.S.C. 1332. Subject-matter jurisdiction does not otherwise exist, for a state-law claim for unlawful detainer does not arise under federal law. Also, defendant's notice of removal was filed six days before trial, not within the 30 days provided by 28 U.S.C. 1446. Thus, defendant has failed to meet the requirements of subject-matter jurisdiction in federal court.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. The March 17 hearing scheduled for this motion is **VACATED**. The Clerk shall remand this action to the Superior Court of California, County of Alameda.

**IT IS SO ORDERED.**

Dated: February 28, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3